**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ABIGAIL CABALLERO,**

       **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:14-cv-1110-Orl-DAB**

**CAROLYN W. COLVIN,**
**Acting Commissioner for Social Security,**

       **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's applications for disability benefits. For the reasons set forth herein, the decision of the Commissioner is **REVERSED and the case is REMANDED**.

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits, alleging that she became unable to work on January 31, 2011 (R. 127-134). The agency denied Plaintiff's applications initially and on reconsideration. Plaintiff requested and received a hearing before an administrative law judge ("the ALJ"). Following hearing, the ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 10-21). The Appeals Council declined to grant review (R. 1-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed her complaint in this action, and the parties have consented to the jurisdiction of the United States Magistrate Judge. The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to "injuring my back, waist down, pain; my carpal tunnel hand, right hand; my right knee" (R. 32) and anxiety and depression (R. 199).

*Summary of Evidence Before the ALJ*

Plaintiff was 43 years old as of the date of the ALJ's decision (R. 20), with a high school education, and past relevant work as a daycare owner, bus monitor, mold assembler, stocker and housekeeper (R. 179, 193).

In addition to the medical reports and opinions of the treating providers, the record includes the testimony of Plaintiff; written forms and reports completed by Plaintiff and her husband; and opinions from state agency reviewers. The medical evidence relating to the pertinent time period is well detailed in the ALJ's opinion and in the interests of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. By way of summary, the ALJ found that Plaintiff has the severe impairment of: back disorder (disc degeneration) (20 CFR 404.1520(c)) (R. 15), but does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 16). The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform "the full range of light work as defined in 20 CFR 404.1567(b)" (R. 16). The ALJ then determined that Plaintiff was unable to return to any past relevant work (R. 20) but "[b]ased on a residual functional capacity for the full range of light work, considering the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 202.21." (R. 21).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The

-2-

Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff objects to the ALJ's formulation of the RFC, contending that the ALJ's findings are inconsistent with an opinion that was accorded substantial weight and did not include an assessment of all of Plaintiff's limitations. Plaintiff further contends that the ALJ did not apply the correct legal standards as application of the Medical-Vocational Rules ("the Grids") is inappropriate here. The Court reviews objections in the context of the sequential evaluation utilized by the ALJ.

*The Five Step Analysis*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments

which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step 4, while at step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Evaluating Opinion Evidence*

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).) Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997)*; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). An ALJ may discount a physician's opinion, including a treating physician's opinion, when the opinion is conclusory, the physician fails to provide objective medical evidence to support his opinion, the opinion is inconsistent with the record as a whole, or the evidence otherwise supports a contrary finding. *See* 20 C.F.R. § 404.1527(c)(3)-(4);

*Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1159-60 (11th Cir. 2004); *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).

As acknowledged by the Commissioner in her brief: "Findings of fact made by State agency medical consultants become opinions at the ALJ level and an ALJ must consider and evaluate these opinions when making a decision in a particular case. *See* 20 C.F.R. § 404.1527(e); SSR 96-6p, 1996 WL 374180, at *2." (Doc. 18, p. 6). The Commissioner further notes that these opinions may not be ignored and an ALJ "must explain the weight given to the opinions in their decisions." *Id.*

Here, the ALJ evaluated the opinion of a non-examining physician, as follows:

> As for the opinion evidence, the undersigned has given **great weight** to the State agency medical consultant's physical residual functional capacity assessment, dated August 26, 2011. Exertional limitations included occasional lifting/carrying 20 pounds, frequent lifting/carrying 10 pounds, standing and/or walking more than 6 hours on a sustained basis in an 8-hour workday, sitting about 6 hours in an 8-hour workday with unlimited pushing and/or pulling and **postural limitations to never climb ladders/ropes/scaffolds and occasionally climb ramps/stairs and crouch**. **The claimant had limitations in reaching overhead on the left side (Exhibit 4A).**

(R. 19-emphasis added). Although the ALJ credited this opinion with "great weight," he did not include any of the opinion's nonexertional reaching or postural limitations[1] in finding that Plaintiff had the RFC for "the full range of light work," and offered no rationale for their exclusion (R. 16). While an ALJ is not bound to adopt *all* portions of an opinion in whole cloth, the Court agrees with Plaintiff that the failure to explain the omission here is error.

There is no explicit finding that the ALJ rejected this portion of the assessment and the Court is not persuaded by the Commissioner's contention that "a review of the ALJ's decision *indicates* he considered Dr. Troiano's nonexertional limitations but rejected them" (Doc. 18, p. 7 emphasis added). While the decision notes other medical evidence which could independently support an RFC for light work without nonexertional limitations, the Court cannot presume that the ALJ was relying on these

---

[1] As noted by the Commissioner, "[n]onexertional impairments include such things as climbing, balancing, stooping, kneeling, crouching, and reaching." (Doc. 18, fn. 3).

records as grounds for rejecting these limitations because a *post hoc* rationale offered by counsel is not acceptable in this context. *See Baker v. Comm'r of Soc. Sec.*, 384 Fed. Appx. 893, 896 (11th Cir. 2010). Indeed, on this record, the Court cannot conclude that any portion of the examiner's opinion was rejected at all. In summarizing Dr. Troiano's findings, the ALJ listed all of the limitations, including the nonexertional limitations, gave "great weight" to this "assessment," and cited to the *entire* opinion of the examiner as support for the RFC.[2] There is simply no indication that the ALJ was discounting any part of the assessment.

The failure to include the nonexertional limitations in the RFC (assuming the ALJ was crediting the entirety of the opinion) or to explain why the limitations were not included (assuming the ALJ intended to discount this portion of the opinion) is error. Moreover, the error is not harmless. Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant court perform other work that exists in the national economy. *Foote v. Chater*, 67 F.3d 1553 (11th Cir. 1995). In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines. *Foote*, 67 F.3d at 1558. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); *Foote*, 67 F.3d at 1559; *Heckler v. Campbell*, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements, and the

---

[2]"In sum, the above residual functional capacity assessment is supported by the State agency physical and mental assessments (Exhibit 4A)." (R. 20).

regulations provide that the rules will be applied only when they describe a claimant's abilities and limitations accurately).

Exclusive reliance is not appropriate "either when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills." *Walter v. Bowen*, 826 F.2d 996, 1002-3 (11th Cir. 1987). In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. *Foote*, 67 F.3d at 1559. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. In any event, the ALJ must make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations. *Foote*, 67 F.3d at 1559. As these findings are absent here, the Court cannot evaluate whether exclusive reliance on the grids was appropriate. Although Plaintiff raises other points of error, this point is dispositive.

For the reasons set forth above, the decision is **reversed and the case is remanded** under sentence four of 42 U.S.C. §405(g), for further findings regarding the existence and effect of any nonexertional limitations and such further proceedings as may be necessary. The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on July 30, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record